IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

Herbert Anderson
      Plaintiff,
    vs

CITY OF EAST CLEVELAND

Yasir Amawi et al

Leon May

Kyle Cuningham

Michael Delisle East Cleveland
Police Officer
      Defendants

1:12CV3020

COMPLAINT
42 USC § 1983 or 1985

JURY TRIAL DEMANDED

JUDGE BOYKO

MAG. JUDGE McHARGH

## PRELIMINARY STATEMENT

This is a civil rights action filed by Herbert Anderson, (herein after Plaintiff), a state prisoner, for damages under 42 USC § 1983, alleging a corrupt conspiracy to deprive the plaintiff of his civil right, under color of state law by private person, with the state or its agents. In violation of his 4th,5th,8th & 14th Amendments of the Constitution. The deprivation of the plaintiff's liberty under the 4th Amendment and 14th Amendment, the confinement in the East Cleveland, Ohio jail was a willful act, in violation of Due Process and Equal Protection Clause to the United States Constitution under color of state law. The Plaintiff also alleges the tort of negligence.

## JURISDICTION

1. The plaintiff has filed other civil actions in state and federal courts in the prior (5) years.

1

2. The United States Court hold jurisdiction over the plaintiff's claim of violation of Federal Constitutional rights under 42 U.S.C. § 1331 and 1343.

3. The court has supplemental jurisdiction over the plaintiff's state law tort claim under 23 U.S.C. § 1367.

4. The United States District Court hold jurisdiction over the plaintiff standing under Americans with Disability Act 42 U.S.C. § 121101 et seq.

5. The plaintiff invoke standing of disability of imprisonment under Title 23 of the Ohio Revised Code, tolling the statue of limitation to commense this civil action. The plaintiff was imprisoned by Wickliff, Ohio, Police Departemnt on June 5, 2009.

6. The plaintiff was arrested by East Cleveland Patrlmen Michael Delisle, defendant in this complaint. He is sued in his individual capacity.

7. The plaintiff was interrogated by East Cleveland detective Kyle Cunningham on December 8, 2008, who is identified in this complaint as co-conspirator of the deprivation of his civil rights and processing this case under color of state law. He is sue in his individual capacity.

8. The plaintiff Herbert Anderson, was subject to arrest by co-conspirators Yasir Amawi and Leon May, on December 6, 2008. The allegation the defendants gave were misleading representation of the incident, that cause the plaintiff to be deprived of his liberty, immunities and previllages in this corrupt conspiracy subverting the judicial process in so doing inflicted injury on the plaintiff. They are being sued in their individual capacities.

9. The defendant Michael Delisle, Kyle Cunningham in this instant complaint were officers employed by the City of East Cleveland, Ohio Police Department. They are sued in their individual capacities and the entity of the City of East Cleveland.

10. The defendant Yasir Amawi is a private party who corruptly conspired with agents of East Cleveland Police Department, in connection with such conduct, thus acting under color of state law within the meaning of section USC § 1983, defendant Yasir Amawi is employed at family business in the city of East Cleveland,Ohio is sued in his individual capacity and entity.

PARTIES

A. Name of Plaintiff:

> Herbert Anderson
> Leci
> P.O. Box 56
> Lebanon,Ohio 45036

B. Name of Defendants:

> Yasir Amawi                            City of East Cleveland
> 1270 Beach Ave.                        14330 Euclid Ave.
> Lakewood, Ohio                         East Cleveland, Ohio 44112
>     or
> Euclid Shaw Food Mart
> 15237 Euclid Ave.
> East Cleveland,Ohio 44112
>
> Det. Kyle Cunningham
> East Cleveland Police Department
> 14330 Euclid Ave.
> East Cleveland, Ohio 44112
>
> M. Delisle (East Cleveland Police Officer)
> 14330 Euclid Ave.
> East Cleveland, Ohio 44112
>
> Leon May
> Empolyee at Euclid Shaw Food Mart
> 15237 Euclid Ave.
> East Cleveland,Ohio 44112

11. The plaintiff submits arresting officer M.Delisle E.C.Police), is employed by the East Cleveland Police Department. Whose name is presently  known to the plaintiff, but shall reflect, or appear on the booking sheet on December 6, 2008, the day of arrest of the plaintiff at East Cleveland jail. He is sued in his individual capacity.

12. All defendants have acted under color of state law, 42 USC § 1983, does not require that the defendants be an officer of the state. The defendants acted as willful participants in joint action with state or its agents. Parties who corruptly conspire in connection with such conduct are acting under color of state law, United States v Price, 383 U.S. 787, 794 (1966)

13. All defendants did conpire under color of state law at all times relevant to this complaint.

FACT OF THIS COMPLAINT

On the 6th day of December 2008, the plaintiff maintains that he was approahed by defendant M. Delisle E.C. Police Officer, inquriing if the plaintiff possess weapon or drugs at approximately 1:15 Am, at Euclid and Burnette Ave., in the city of East Cleveland, Ohio.

The plaintiff did, inform defendant Delisle E.C. police officer, that he was not in possess of weapon or drugs. Defendant Delisle E.C. police officer requested to do a cursory pat down, which the plaintiff consented. Afterward, defendant M. Delisle E.C. police officer placed the plaintiff under arrest on the charge of aggravate robbery.

Defendant E.C. M. Delisle police officer, corruptly, wrongly and unlawfully, without warrant or other legal process, with force and arms compelled the plaintiff to go from his secure place to Eucild Shaw Food Mart, where Yasir Ammawi and Leon May identified the plaintiff as the person who committed aggravated robery on December 6, 2008. Then E.C. Delisle police officer conveyed the plaintiff to East Cleveland police Department.

After being interrogated by Det. Kyle Cunningham on or about December 8, 2008 a hearing was schedule before judge Sandra Walker on December 9, 2008.

ACTION UNDER COLOR OF STATE LAW WITH CORRUPT CONSPIRACY
DEPRIVE THE   PLAINTIFF OF PROTECTED CONSTITUTIONAL RIGHTS

Count 1

On December 6, 2008 the arrest of the plaintiff at approximately
1:15 am, made by misuse of power under color of state law defendant
Michael Delisle E.C. police, was    connected with tainted and
misleading statements given to Michael Delisle E.C. police, by
defendant Yasir Amawi and Leon May. When there was no material
fact in support of the allegations of the defendants,defendant
Michael Delisle action were willful, wanton, malicious deliberate
indiference, in bad faith, wrongful and unlawful arrest of the
plaintiff. The alleged crime Yasir Amawi and Leon May alleged
was for their own personal reason that a crime was committed in
order to arrest and prosecute the plaintiff.

This is the approximate cause the plaintiff was falsely imprisoned
on 12/6/2008, in the city of East Cleveland, Ohio. In connection
with such corrupt conspriacy of the defendant Yasir Amawi and
Leon May, defendant Michael Delisle and Det. Kyle Cunningham,
acting under color of state law within the meaning of 42 USC
§ 1983 violated the plaintiff's protected 4th amendment,immunities,
previllages,Due Process and Equal Protection Clause of the United
States Constitution.

Co8nt 2

Defendant Det. Cunningham continued the investigation,without
establishing material fact that a crime was committed. Defendant
Yasir Amawi and Leon May testified before judge Sandra Walker,
knowing their testimoney were not true,in connection with such
corrupt conspriacy acting under color of state law. Which is
against the plaintiff's constitutionally protected right against

5

unreasonable Search and seizure, due process and equal protection
clause, within the meaning of title 42 USC § 1983.

Heretofore, On 12/9/2008 at 1:30 pm the defendant Yasir Amawi,
Leon May and Kyle Cunningham, Schedule and appeared before East
Cleveland Municiple Court judge Sandra Walker,and testified under
oath that the plaintiff committed the crime of aggravated robbery,
in violation of ORC 2929.11 A(1), against the defendant Yasir
Amawi at Euclid Shaw Food Mart in East Cleveland,Ohio.

It was in the public interest for judge Sandra Walker,to excercise
their independent judgment about the merits of the case. Defendant
Yasir Amawi and Leon May and Det. Cunningham, convince judge
Sandra Wakler with tainted misleading corrupt tesimoney, their
actions were willful, wanton, malicious deliberate indiference,
in bad faith, wrongful and unlawful testimoney against the plain-
iff. The crime Yasir Amawi and Leon May alleged was for their own
personal reasons made to bindover the charge to Cuyahoga County
Grand Jury. Pierson v Ray, supra at 554;Brady v Fisher, 13 Wall.,
at 349 350,n; at 616-617.

Count 3

Chief of East Cleveland Police Departemnt acquiesce and tolerated
defendant Det. Cunningham's continued investigation,in the furth-
erance of the conspiracy, manifested the prosecution of the alleged
actor the object of the conspiracy against the plaintiff,were
willful, wanton,malicous deliberate indiference,in bad faith,
wrongful and unlawful arrest of  the plaintiff. The alleged crime
Yasir Amawi and Leon May alleged was for their own personal reasons,
at East Cleveland Municiple Court. There was no material facts in
support of the allegations of the defendauts Yasir Amawi and Leon
May,violating the plaintiff's 4th and 14th amendment rights
protected by the United States Constitution,

6

42 USC § 1983 under color of state law depriving the plaintiff of his liberty, immunities and previllages in connection with corrupt conspiracy, subverting the judicial process, in so doing inflicted injury upon the plaintiff.

Moreover, defendants Yasir Amawi and Leon May are private parties involved in such conspiracy, in furtherance of the conspiracy, the defendants testified under oath in a manner that manifest the purpose on the part of the actors, the object of the conspiracy to be completed, defendant Det. Cunningham acquiesce and tolerated and continued the investigation, in furtherance of the conspiracy manifested the prosecution of the alleged actors of the conspiracy at East Cleveland Municiple Court.

Even though not an official of the state the defendants can be liable under section 1983. Private persons, jointly, engaged with state officials in the protected action are acting under color of state law " does not require that the accused be an officer of the state ". It was enough that the defendants participated in joint activity with the state or its agents, United States v Price, 383 U.S. 787, 794 (1966) 398 U.S. at 152.

Count 4

Heretofore, the city of East Cleveland breached duty of reasonable care owed the plaintiff in their performance of its agents, during arrest and wrongful prosecution in state's presentation of case no. CR-09-519891-A. See Owen v City of Independence, 445 U.S. 622,637-638 (1980); Imbler v Pachtman, 424 U.S. 409,417 (1976) Pierson v Ray, 3866 U.S. 547,554 (1967).

Where the prosecution of the plaintiff on charge of aggravated robbery, amount to derelection of duty and negligence resulting from improper investigation and continued criminal prosecution of the plaintiff unsupported by probable cause or material facts.

The Defendant City of East Cleveland approved of the prosecution recklessly, intentionally, with gross negligence without due regard to the law of the State of Ohio Violating the plaintiff's 4th and 14th Amendment rights under color of  state law and 42 USC. § 1983.

This prosecution occurred within the jurisdiction of Cuyahoga County, before an impaneled jury on May 4,2009. In the Court of judge Kathleen Ann Sutula. After state's presentation of case CR-09-519891-A, the plaintiff was then and there on May 5, 2009 acquitted and discharged, thereby the prosecution was wholly terminated.

## CLAIM FOR RELIEF

The corrupt conspiracy of the defendant's Yasir Amawi, Leon May Michael Delisle  and Det. Cunningham, deprived the plaintiff of his immunities and privillages protected constitutional rights without cause, need or provocation, the unlawful acts of the defendant's as decribed above, constitute denial of due process, cruel and unusual punishment, eqaul protection of law. In violation of plaintiff's 4th, 8th, and 14th Amendments to the United States

Constitution, subjecting the plaintiff to great indignity, humiliation, pain and suffering of mind and body, constitutes the tort of negligence under the laws of the STATE of Ohio Revised Code 2744.02 and Title 42 USC § 1983.

The city of East Cleveland deprived the plaintiff of his liberty, immunities and previllages, acquiesced in the unlawful acts of defendants Delisle E.C. police and Det. Cunningham, as decribed above tolerating such without honest and aggressive duty owed to adequately investigate. Thus, East Cleveland officials (officer's) committed unwarranted arrest while functioning, in the course and scope of their duties, constitute denial of due process, equal protection of the law in violation of the 4th and 14th Amendments to the United States Constitution under color of state law.

The city of East Cleveland violated the plaintiff's protected constitutional right without need or provocation as decribed above, committed on December 6, 2008, when defendant city of East Cleveland, subject plaintiff to great indignity, humiliation, pain and suffering of mind and body. Constitute the tort of negligence under the laws of the State of Ohio's Revide Code 2744.02 and Title 42 USC § 1983 under color of state law.

<u>RELIEF REQUESTED</u>

Wherefore, plaintiff request that this Court grant the following relief:

A. Issue a Declaratory Judgment stating that:

1. The arrest of the Plaintiff violated the plaintiff's rights under the 4th,8th and 14ht Amendments to the United States Constitution and constitute negligence.

2. The defendants in this instant complaint failed to adequately safeguard the plaintiff's protected 8th Amendment right to be free from cruel and unusual punishmnet, and excessive use of authority, in their performance and scope of authority under color of state law, violating the plaintiff's rights under the 4th, 8th and 14th Amendemnts to the United States Constitution.

8

B.  Award compensatory damages in the following amounts:

1.  $ 300,000.00 jointly and severally gainst defendants arresting officer
    M.Delisle    East Cleveland police, Det Cunningham and Yasir Amawi
    Leon May and City of East Cleveland, for mental and physicial injuries
    sustained as a result of the plaintiff's false arrest, confinement  and
    corrupt conspiracy to prosecute the plaintiff unjustly.

2.  $ 300.000.00 jontly and severally against defendants City of East
    Cleveland, Det. Cunningham, Delisle E.C. police, Yasir Amawi and Leon
    May, resulting in their denial of the plaintiff rights protected by
    the United States Constitution.

3.  Award punitive damages in the following amounts:

    1.  $ 300,000.00 each defendant.

4.  Grant such relief as it may appear that the plaintiff is entitled.

October 17,2012

*Herbert Anderson*

Plaintiff-Pro se

9

PROOF OF SERVICE

   I certify a copy of the foregoing has been sent by regular U.S. mail
to Defendants Yasir Amawi et al 15237 Euclid Ave ,East Cleveland,Ohio 44112
on this _15_ day of _November_ 2012.