UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HERBERT ANDERSON,** ) | **CASE NO. 1:12 CV 3020** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **CITY OF EAST CLEVELAND,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Herbert Anderson filed this action under 42 U.S.C. § 1983 against the City of East Cleveland, Euclid Shaw Food Mart Store Employee Yasir Amawi, Euclid Shaw Food Mart Store Employee Leon May, East Cleveland Police Detective Kyle Cunningham, and East Cleveland Police Officer Michael Delisle. In the Complaint, Plaintiff alleges he was arrested and prosecuted for a crime of which he later was acquitted. He seeks monetary relief.

Plaintiff filed an Amended Complaint (ECF No. 4) on April 4, 2013. While he refers to this as an Amended Complaint, he makes it clear that he is merely intending to supplement his original pleading to add claims against the Defendants under 18 U.S.C. § 241 and 242, and 42 U.S.C. § 1985. He also includes a claim for abuse of process. Confident that he will ultimately be successful in this action, he filed six Motions, one against each Defendant, asking this Court to grant pre-judgment attachment of the Defendants' property and garnishment of their wages.

(ECF Nos. 4, 5, 6, 7, 8, 9).

The City of East Cleveland, Officer Cunningham, and Officer Delisle filed a Motion to Dismiss the Complaint Pursuant to Civ. R. 12 (ECF No. 10) on April 16, 2013, asserting that the claims in the Complaint are barred by the applicable statute of limitations. Plaintiff responded with a Motion for a More Definite Statement (ECF No. 11) indicating that the Defendants did not specify on which provision of Federal Civil Procedure Rule 12 they are relying, and asking the Defendants provide the basis for dismissal under Rule 12. The City of East Cleveland, Cunningham, and Delisle then filed a second Motion to Dismiss (ECF No. 13) under 28 U.S.C. § 1915(e) or § 1915A claiming Plaintiff's claims are barred by the doctrine of *res judicata*. They also ask the Court to dismiss the action as frivolous.

## I.  BACKGROUND

Plaintiff was arrested on December 6, 2008 by East Cleveland Police Officer Michael Delisle and charged with aggravated robbery and tampering with evidence. He was approached by the officer at 1:15 a.m. at the intersection of Euclid Avenue and Burnette Avenue. Plaintiff told the officer he was not in possession of drugs or weapons. The officer asked for permission to conduct a pat down and he consented. Plaintiff was then arrested and transported to the Euclid Shaw Food Mart where he was identified by Yasir Amawi and Leon May as the man who robbed the store. He claims his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated.

Plaintiff was arraigned in the East Cleveland Municipal Court on December 9, 2008. He requested a preliminary hearing which was held on December 11, 2008. Yasir Amawi and East Cleveland Police Detective Kyle Cunningham were called to testify against Plaintiff. Probable

cause was found by East Cleveland Judge Sandra Walker and the case was bound over to the grand jury. An indictment on the charge of aggravated robbery was filed on January 15, 2009. Plaintiff entered a plea of "not guilty" on January 21, 2009 in the Cuyahoga County Court of Common Pleas. The matter went to trial by jury on May 4, 2009. At the conclusion of the state's case, Plaintiff's Motion for Acquittal pursuant to Ohio Criminal Rule 29 was granted and he was released.

Plaintiff asserts four claims for relief in his original Complaint. First, he claims he was falsely imprisoned as a result of a corrupt conspiracy. Second, he asserts his arrest was unlawful in violation of the Fourth Amendment. Third, Plaintiff claims the Chief of the East Cleveland Police Department "acquiesce[d] and tolerated Defendant Det. Cunningham's continued investigation in the furtherance of the conspiracy manifested the prosecution of the alleged actor the object of the conspiracy against the Plaintiff were (sic) wilful, wanton, malicious, deliberate indifference bad faith, wrongful and unlawful arrest of the Plaintiff." (ECF No. 1 at 6). Finally, he claims the City of East Cleveland breached a duty of reasonable care owed to him by allowing its detectives to proceed with his criminal prosecution. In his supplement pleading, he added claims for abuse of process, corrupt conspiracy under 42 U.S.C. § 1985, and violation of 18 U.S.C. §§ 241 and 242.

The City of East Cleveland, Cunningham, and Delisle, through counsel, filed a Motion to Dismiss (ECF No. 10). They assert that the statute of limitations has expired for Plaintiff's claims under 42 U.S.C. § 1983. They argue that because 42 U.S.C. § 1983 does not specify a statute of limitations, the Court must look to the statute of limitations periods for the corresponding state law causes of action. They contend his conspiracy claims and claims for

deprivation of constitutional rights are subject to the four year statute of limitations under Ohio Revised Code § 2305.09(D) and his claims of false imprisonment and malicious prosecution are subject to a one year statute of limitations. The Defendants suggest the claim for malicious prosecution can also be construed as a claim for negligence, which would increase the statute of limitations to a period of two years as defined by Ohio Revised Code § 2744.04. The Defendants do not address Plaintiff's claims asserted under 42 U.S.C. § 1985, or his claims asserted under 18 U.S.C. §§ 241 and 242.

Plaintiff responded with a Motion for a More Definite Statement (ECF No. 11). He contends he cannot respond to the Motion to Dismiss because the Defendants do not indicate under which provision of Rule 12 they are basing their argument for dismissal. He claims each subsection of Rule 12 has differing standards and he cannot formulate a response to the Motion unless Defendants specify under which subsection of the Rule they are proceeding.

The City of East Cleveland, Cunningham, and Delisle then filed a second Motion to Dismiss. In this Motion, they claim Plaintiff's Complaint is barred by the doctrine of *res judicata*. They indicate Plaintiff filed a nearly identical action against most of the same parties in 2010. *See Anderson v. Amawi*, No. 1:10 CV 1737 (N.D. Ohio Dec. 6, 2010)(Gaughan, J.). That action was dismissed with prejudice on December 6, 2010. Defendants argue that when a party attempts to litigate previously litigated claims, the Court can consider the action to be frivolous or malicious. They ask the Court to screen the Complaint under 28 U.S.C. § 1915(e) and dismiss this action.

## II. LAW AND ANALYSIS

**Standard of Review Motion to Dismiss**

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*.  This determination is a "context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**Defendant's First Motion to Dismiss**

In the first Motion to Dismiss filed by the City of East Cleveland, Cunningham, and Delisle, the Defendants argue that the statute of limitations for filing claims under 42 U.S.C. §1983 has expired. The statute of limitations is an affirmative defense, see FED.R.CIV.P. 8(c), and a Plaintiff generally need not plead the lack of affirmative defenses to state a valid claim. *See* FED.R.CIV.P. 8(a) (requiring "a short and plain statement of the claim "); *Jones v. Bock*, 549 U.S. 199, 216 (2007). For this reason, a Motion under Rule 12(b)(6), which considers only the allegations in the Complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations. However, where the allegations in the Complaint on their face demonstrate that the action is barred by the affirmative defense of statute of limitations, the Court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). A statute of limitations defense signifies, in essence, that on the face of the Complaint there is an insurmountable bar to relief indicating that the Plaintiff does not have a claim. *Ashiegbu v. Purviance*, 76 F.Supp.2d 824, 828 (S.D. Ohio 1998)(citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.1978)).

Congress did not specify a statute of limitations for claims asserted under 42 U.S.C.

§1983. In order to ensure consistency and certainty in litigation, the United States Supreme Court held that in § 1983 actions, federal courts must borrow the applicable state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985). Citing Ohio Revised Code § 2305.09(D), Defendants indicate Plaintiff's conspiracy claims and claims for deprivation of constitutional rights under § 1983 should have a four-year statute of limitations. They suggest his claims for false imprisonment and malicious prosecution should have a one-year statute of limitations as provided in Ohio Revised Code § 2305.11. They contend his malicious prosecution also could be construed as a claim for negligence to obtain a two-year statute of limitations period under Ohio Revised Code § 2744.04.

When a state, like Ohio, has multiple statutes of limitation for personal injury actions, the residual or general personal injury statute of limitations is appropriate, not the statute of limitations for each specific intentional tort. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). The Court of Appeals for the Sixth Circuit has held that Ohio Revised Code § 2305.10 is the applicable statute, creating a two year statute of limitations for all § 1983 actions in Ohio. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989)(en banc).

The face of the Complaint demonstrates that the two-year statute of limitations for filing claims under § 1983 has expired. Plaintiff alleges he was arrested on December 8, 2008. (ECF No. 1 at 5). He claims he was acquitted of the charges in May 2009. (ECF No. 1 at 7). This action was filed in December 2012, well beyond the expiration of the two-year statute of limitations. Plaintiff's § 1983 claims against the City of East Cleveland, Cunningham, and Delisle are dismissed.

**Defendant's Second Motion to Dismiss**

The City of East Cleveland, Cunningham, and Delisle filed a second Motion to Dismiss on May 1, 2013. (ECF No. 13). In this Motion, they contend the action is barred by the doctrine of *res judicata*.

Under Federal Civil Procedure Rule 12(g), a party that files a Motion to Dismiss under Rule 12 cannot file another Motion under that Rule, raising a defense or objection that was available to the party but omitted from its earlier Motion, except as provided in Rule 12(h)(2)(permitting a Motion for Judgment on the Pleadings filed after an Answer is filed), or Rule 12(h)(3)(permitting a Motion to Dismiss for Lack of Subject Matter Jurisdiction). Fed. R. Civ. P. 12(g)(2). Although Defendants seek relief in the Motion to Dismiss under 28 U.S.C. §§ 1915A or 1915(e) and not Rule 12, the standard of review for failure to state a claim under Rule 12(b)(6) is the same as the standard of review for failure to state a claim under § 1915(e) or § 1915A. *See Iqbal*, 556 U.S. at 677-78. The difference between Rule 12(b)(6) and 28 U.S.C. §§ 1915(e) or 1915A is by whom the deficiency in the pleading is raised. The Court is provided a mechanism to examine *sua sponte* the legal sufficiency of a prisoner *in forma pauperis* Complaint under 28 U.S.C. §§ 1915(e) and 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)(overruled on other grounds). The Defendant's mechanism to argue for dismissal based on the legal sufficiency of the pleading is Federal Civil Procedure Rule 12. Defendants' Motion to Dismiss under 28 U.S.C. §§ 1915(e) or 1915A is therefore construed as a Motion to Dismiss under Rule 12(b)(6). Defendants cannot overcome the restrictions of successive Rule 12 Motions by invoking §§ 1915(e) and 1915A. Because Defendants already filed one Motion to Dismiss (ECF No. 10), their second Motion to Dismiss (ECF No. 13) is

successive and therefore, barred by Rule 12(g)(2).

**42 U.S.C. § 1915(e)**

Although Plaintiff's claims under 42 U.S.C. § 1983 against the City of East Cleveland, Cunningham and Delisle are dismissed under Rule 12(b)(6), on the grounds that the statute of limitation for filing such claims has expired, his claims under § 1983 against Defendants Amawi and May, and his claims under 18 U.S.C. § 241 and 242, and 42 U.S.C. § 1985 against all of the Defendants still must be addressed. The Court finds Plaintiff failed to state a claim upon which relief may be granted with respect to these unresolved claims and for the reasons set forth below, the remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e).

**Standard of Review 28 U.S.C. § 1915(e)**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

The standard for review for failure to state a claim under 28 U.S.C. § 1915(e) is the same as the standard of review for failure to state a claim under Rule 12(b)(6). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Twombly*, 550 U.S. at 564. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. The Plaintiff must plead enough facts to show that his right to relief is more than speculative and cannot state his claims solely as legal conclusions. *Iqbal*, 556 U.S. at 678. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### *Res Judicata*

This case is Plaintiff's second attempt to challenge his 2008 arrest and prosecution in federal court. In *Anderson v. Amawi*, No. 1:10 CV 1737 (N.D. Ohio Dec. 6, 2010)(Gaughan, J.), Plaintiff asserted claims of malicious prosecution, denial of due process and equal protection, and Eighth Amendment violations against Yasir Amawi, the City of East Cleveland, the East Cleveland Police Department, East Cleveland Police Officer John Doe (later identified as Michael Delisle), East Cleveland Police Detective Kyle Cunningham, Cuyahoga County Prosecutor William Mason, and Cuyahoga County Assistant Prosecutor Steve Szlegagievincz, based on the same facts he asserts in this action. That case was dismissed on December 6, 2010. Plaintiff appealed that decision to the United States Sixth Circuit Court of Appeals on April 6, 2011. The appeal was dismissed as untimely on June 3, 2011.

Plaintiff has now filed this action based on the same facts, against Defendants named in the first action, and asserts claims for relief under Fourth and Fourteenth Amendment rights, as well as violation of 42 U.S.C. § 1985, and 18 U.S.C. § 241 and 242. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff filed an action and did not receive a favorable judgment. He cannot bring a second action to litigate the same claims or to add claims he could and should have raised in the first action. This action is barred by the doctrine of *res judicata*.

The doctrine of *res judicata* is an affirmative defense that generally must be raised by the Defendants in a responsive pleading. FED.R.CIV.P. 8(c)(1); *see Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir.1988). The United States Supreme Court as well as the United States Sixth Circuit of Appeals have indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir. 2003);

*Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989)(finding that a district court may invoke the doctrine of *res judicata* in the interests of the promotion of judicial economy). The "special circumstance" recognized in *Arizona*, occurs when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412 (internal quotation marks omitted). The district court's *sua sponte* assertion of *res judicata* in *Holloway Construction Co. v. United States Department of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989) (per curiam), was also affirmed on this basis.

This case fits precisely within those circumstances. Plaintiff has already thoroughly litigated this matter in this Court and this Court is on notice that it has previously decided the issues presented. Plaintiff appealed his first case to the United States Sixth Circuit Court of Appeals, but the appeal was dismissed as untimely. Plaintiff has now filed the within action seeking to continue litigation asserting the same claims and some new claims against Defendants he sued in the first action. Judicial economy requires dismissal of this action.

**42 U.S.C. § 1985**

Moreover, even if Plaintiff's claims under 42 U.S.C. § 1985 were not barred by the doctrine of *res judicata*, he failed to plead sufficient facts to state a claim upon which relief may be granted. To state a claim for conspiracy to deprive a person of equal protection under the law pursuant to 42 U.S.C. § 1985, Plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003). The acts that allegedly

"deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)). Plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Plaintiff must provide sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993)(holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Plaintiff fails to allege facts to establish any of the elements of this cause of action. He describes his arrest, arraignment and prosecution, but does not provide any facts that suggest the Defendants conspired together or that they intended to discriminate against him based on his race or his membership in a protected class. He asserts this claim by merely adding the label "corrupt conspiracy" to claims of malicious prosecution. Labels and legal conclusions are not sufficient to state a claim for relief. *Iqbal*, 556 U.S. at 677-78.

**18 U.S.C. §§ 241 and 242**

Finally, Plaintiff cannot assert causes of action under 18 U.S.C. §§ 241 and 242. These are criminal statutes. They provide no private right of action. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994). Plaintiff therefore lacks standing to file an action under 18 U.S.C. §§ 241 and 242. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008).

### III. CONCLUSION

Accordingly, Defendants' first Motion to Dismiss (ECF No. 10) is granted and Plaintiff's claims under 42 U.S.C. § 1983 against the City of East Cleveland, Cunningham and Delisle are dismissed for failure to state a claim under Rule 12(b)(6). Defendants' second Motion to Dismiss (ECF No. 13) is denied as successive pursuant to Federal Civil Rule 12(g)(2). Plaintiff's remaining claims against the City of East Cleveland, Cunningham, and Delisle, as well as his claims against Amawi and May, are dismissed for failure to state a claim under 28 U.S.C. § 1915(e). Plaintiff's Motions for Pre-Judgment Attachment of Property and Garnishment of Wages (ECF Nos. 4, 5, 6, 7, 8, 9) are denied. This action is closed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        UNITED STATES DISTRICT JUDGE

DATED: May 8, 2013

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.